IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LOUIS GREGORY VENNING,<br><br>Defendant. | CR 19–152–BLG–DLC<br><br><br><br>ORDER |

On March 16, 2021 and March 18, 2021, respectively, the Court received letters from Defendant Louis Gregory Venning expressing concern over his continued representation by court-appointed counsel, Palmer A. Hoovestal, in the above-captioned matter. (Docs. 74; 76.) The Court has construed these letters as a motion for substitution of counsel and held a hearing on March 25, 2021. (Docs. 75; 79.) For the reasons stated herein, the Court does not find that there is an irreconcilable conflict between Mr. Venning and Mr. Hoovestal such that substitution of counsel is required under the Sixth Amendment, but will nonetheless exercise its discretion under 18 U.S.C. § 3006A to provide Mr. Venning with substitute counsel in the interests of justice.

**I.   Mandatory Substitution Under the Sixth Amendment.**

Under the United States Constitution, Mr. Venning "enjoy[s] the right to . . .

1

have the assistance of counsel for his defense." U.S. Const. amend. VI. In defining the boundaries of this right, the Supreme Court has stated it is an "obvious truth" that "in our adversary system of criminal justice, any person haled into court, who is too poor to hire a lawyer, cannot be assured a fair trial unless counsel is provided for him." *Gideon v. Wainwright*, 372 U.S. 335, 344 (1963). But the Sixth Amendment does not require that defendants lacking the monetary resources to retain private counsel "have a specific lawyer appointed by the court and paid for by the public." *United States v. Rivera-Corona*, 618 F.3d 976, 979 (9th Cir. 2010).

Accordingly, "those who do not have the means to hire their own lawyers have no cognizable complaint so long as they are adequately represented by attorneys appointed by the courts." *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624 (1989). Nonetheless, "forcing a defendant to go to trial with an attorney with whom he has an irreconcilable conflict amounts to constructive denial of the Sixth Amendment right to counsel." *Stenson v. Lambert*, 504 F.3d 873, 886 (9th Cir. 2007). An irreconcilable conflict is not present when counsel and client merely disagree about "strategical or tactical decisions," but instead requires "a complete breakdown in communication between the attorney and client [which] prevents effective assistance of counsel." *Id.*

For example, situations in which "a criminal defendant has, with legitimate

reason, completely lost trust in his attorney" can amount to an irreconcilable conflict implicating the defendant's Sixth Amendment rights. *United States v. Velazquez*, 855 F.3d 1021, 1033–34 (9th Cir. 2017). And to be sure, the irreconcilable conflict inquiry must dig deeper than whether current counsel is competent because, "[e]ven if present counsel is competent, a serious breakdown in communications can result in" the constructive denial of counsel. *United States v. Nguyen*, 262 F.3d 998, 1003 (9th Cir. 2001); *see also Daniels v. Woodford*, 428 F.3d 1181, 1198 (9th Cir. 2005) ("A court may not deny a substitution motion simply because it thinks current counsel's representation is adequate.") (internal citations and alterations omitted).

The Court finds the competency of Mr. Hoovestal to be a proper starting point. As noted during the hearing, without a doubt Mr. Hoovestal has competently represented Mr. Venning in this case. The record before this Court makes clear that since his initial appointment in July of 2020 (Doc. 54), Mr. Hoovestal has thoroughly prepared Mr. Venning's defense against what are undeniably very serious charges. Mr. Hoovestal has provided Mr. Venning with hundreds of pages of written correspondence, including detailed explanations of available defenses and possible legal strategies, extensive summaries of voluminous discovery, and exhaustive explanations of nearly every aspect of the federal criminal process. (Doc. 77.) Mr. Venning would be hard pressed to find

more competent counsel.

But, as noted above, this conclusion is not sufficient in and of itself to deny Mr. Venning's request for new counsel in this case. Instead, in determining whether an irreconcilable conflict is present, this Court must examine the attorney-client relationship. Overall, it appears that while Mr. Venning and Mr. Hoovestal have their disagreements, their direct communication is often civil and productive. Mr. Venning has not advised the Court that he is unwilling to engage in future discussions with Mr. Hoovestal and instead expressed his grievances over a perceived lack of communication between Mr. Hoovestal and himself over the past several months. Ultimately, the Court does not find that the relationship between Mr. Hoovestal and Mr. Venning has deteriorated to the point that a substitution of counsel is required for Sixth Amendment purposes. Accordingly, the Court will address whether a substitution of counsel would nonetheless be in the interests of justice.

## II. Permissive Substitution, In the Interests of Justice, Under 18 U.S.C. § 3006A.

This Court may, "in the interests of justice, substitute one appointed counsel for another at any stage of the proceedings." 18 U.S.C. § 3006A(c). Whether a substitution is in the "interests of justice" is, of course, "a context-specific inquiry." *Martel v. Clair*, 565 U.S. 648, 663 (2012). In the Ninth Circuit, courts must consider three factors: (1) the adequacy of its inquiry into the conflict

between counsel and client; (2) the extent of the conflict between counsel and client; and (3) the timeliness of the defendant's motion. *Velazquez*, 855 F.3d at 1033; *see also Martel*, 565 U.S. at 663. Each is discussed in turn.

With respect to the first factor—adequacy of the court's inquiry—prior cases instruct that "in most cases, courts cannot properly resolve substitution motions without probing why a defendant wants a new lawyer." *Velazquez*, 855 F.3d at 1034. This means the Court should "question the attorney or defendant privately and in depth." *Id.* Here, the Court held a hearing in which Mr. Venning and Mr. Hoovestal were both present. (Doc. 79.) At this hearing, the Court permitted Mr. Venning to candidly discuss his issues with Mr. Hoovestal on the record, which he did at significant length. The Court then permitted Mr. Hoovestal to express his thoughts on the matter, and, for good measure, permitted Mr. Venning to again discuss with the Court why he felt new counsel was necessary. Throughout all of this, the Court repeatedly interjected its own specific questions to both Mr. Venning and Mr. Hoovestal. In short, the Court finds it has conducted an inquiry adequate enough to address the remaining factors.

With respect to the second factor—the extent of the conflict—the Court focuses on whether there has been a "serious breach of trust" or a "significant breakdown in communication that substantially interfere[s] with the attorney-client relationship." *Id.* at 1036. As described above, it was made apparent at the

hearing that Mr. Venning, rightly or wrongly, neither trusts Mr. Hoovestal or is comfortable with his continued representation of him in this case. Mr. Venning repeatedly stated during the hearing that he it is his subjective belief that Mr. Hoovestal is not representing his best interests and that the two lack the sort of compatibility conducive to a productive attorney-client relationship. In sum, while the conflict between Mr. Hoovestal and Mr. Venning may not be irreconcilable for Sixth Amendment purposes, it is swiftly approaching the sort of conflict that substantially interferes with the attorney-client relationship.

With respect to the final factor—timeliness—this Court "balances [any] resulting inconvenience and delay against the defendant's important constitutional right." *Id.* at 1036–37. This matter has been languishing on the Court's docket since late-2019. (Doc. 1.) Mr. Venning did not raise any issues related to Mr. Hoovestal's representation until last week. (Docs. 74; 76.) But, as noted above, the charges against Mr. Venning are serious and discovery is voluminous. Additionally, the Court has previously granted two continuances at Mr. Venning's request and understands an additional continuance for health-related reasons may be necessary, even if Mr. Hoovestal remains on this case. (Docs. 60; 66.) It should also be recognized that this matter has been proceeding in the face of an unprecedented global pandemic. The foregoing conspires to dictate that, under the circumstances, Mr. Venning's motion is timely.

Ultimately, upon consideration of the requisite factors, the Court concludes that a substitution of counsel in this matter is in the interests of justice.  Despite Mr. Hoovestal's diligent and thorough preparation of this case, Mr. Venning has maintained a steadfast insistence that he lacks trust in Mr. Hoovestal and expressed serious subjective concerns about the protection of his interests should Mr. Hoovestal remain his counsel in this case.  Consequently, the Court will exercise its discretion under 18 U.S.C. § 3006A and order the substitution of Mr. Hoovestal with new counsel in this matter.

Accordingly, IT IS ORDERED that Mr. Venning's motion for substitution of counsel is DENIED to the extent it rests on the alleged existence of an irreconcilable conflict under the Sixth Amendment and GRANTED to the extent it rests on interest of justice grounds under 18 U.S.C. § 3006A.

IT IS FURTHER ORDERED that Mr. Hoovestal is hereby withdrawn as counsel of record in this matter and is relieved of all further legal duties to Mr. Venning.

IT IS FURTHER ORDERED that the Federal Defenders of Montana shall local conflict-free counsel for Mr. Venning.  Upon location of counsel, the Court will issue an order formalizing the appointment pursuant to 18 U.S.C. § 3006A(b).

The Clerk of Court is directed to notify the Federal Defenders of Montana of the making of this Order.

DATED this 26th day of March, 2021.

_____
Dana L. Christensen, District Judge
United States District Court