IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LOUIS GREGORY VENNING,<br><br>Defendant. | CR 19–152–BLG–DLC<br><br><br>ORDER |

Before the Court is Defendant Louis Gregory Venning's motion for *in limine* rulings excluding three categories of evidence from introduction at trial. (Doc. 100.) This includes evidence of Mr. Venning's: (1) prior convictions for promoting prostitution in Missouri and Tennessee; (2) conduct following a drug transaction; and (3) inappropriate communications with a minor-aged female. (*Id.* at 3–6.) The Court will enter a preliminary ruling on this motion, subject to renewal at trial if such evidence is offered. For the reasons stated herein, the Court will admit the evidence in the first category, reserve ruling on the evidence in the second category, and exclude the evidence in the third category.

## BACKGROUND

Following a cascade of continuances (Docs. 58; 60; 67; 83; 87; 97), this matter is scheduled for trial on November 15, 2021. (Doc. 97 at 9.) The operative

1

indictment levels fourteen counts against Mr. Venning, including:

    (1)    five counts of sex trafficking by force, fraud, and coercion in violation of 18 U.S. § 1591(a) and (b) (Counts I–V);

    (2)    one count of sex trafficking of a minor and by force fraud and coercion, in violation of 18 U.S.C. § 1591(a)–(c) (Count VI);

    (3)    two counts of transportation of a person with intent to engage in prostitution, in violation of 18 U.S.C. § 2421 (Counts VII–VIII);

    (4)    one count of transportation of a person with intent to engage in prostitution, in violation of 18 U.S.C. § 2421, 2 (Count IX);

    (5)    one count of distribution of ecstasy, in violation of 21 U.S.C. § 841(a)(1) (Count X);

    (6)    one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count XI);

    (7)    one count of possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) (Count XII);

    (8)    one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count XIII); and

    (9)    one count of distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count XIV).

(Doc. 10.)  Counts I–V carry a 15-year mandatory minimum, Count VI carries a 10-year mandatory minimum, and Count XI carries a five-year mandatory minimum.  (*Id.*)  These offenses were allegedly committed over the course of seven years, from fall of 2012 to August of 2019.  (Doc. 96 at 3.)

In advance of trial, the United States has notified Mr. Venning of its intent to offer other acts evidence pursuant to Rule 404(b)(3).  (Doc. 96.)  This evidence is

2

separated into two categories.  First, the United States intends to introduce evidence of "two separate prior state [criminal] judgments" against Mr. Venning for prostitution.  (*Id.* at 3.)  This includes a 2013 Missouri and 2019 Tennessee conviction for promoting prostitution.  (*Id.* at 8–11.)  The substance of this evidence appears to be the judgments themselves (Docs. 96-1) and the testimony of Jane Does 5, 9, and 15 (Docs. 96 at 8–9; 104 at 4–5).  Second, the United States intends to introduce evidence of "other instances of Venning's involvement in commercial sex and illegal narcotics."  (*Id.* at 3.)  This evidence will be introduced through the testimony of Jane Does 6, 10–14, 16–17, the mothers of Jane Does 16–17, Mr. Venning's co-defendant Destiny Nilsen, and screenshots from Mr. Venning's social media accounts.  (*Id.* at 4–8.)[1]

Mr. Venning has responded by moving in limine to exclude three items of evidence contained within the United State's notice.  (Doc. 101.)  This includes: (1) evidence relating to Mr. Venning's prior convictions in Missouri and Tennessee; (2) Jane Doe 6's anticipated testimony regarding his conduct during a drug transaction; and (3) Jane Doe 17 and her mother's anticipated testimony regarding Mr. Venning's inappropriate communications with Jane Doe 17.  (*Id.* at

---

[1] The Court will order the United States to file under seal a list of all Jane Does and their corresponding full names.  (Doc. 96 at 4 n.2.)  The list should also be produced to Mr. Venning. The Court also presumes that discovery related to Jane Doe 16 and her mother has been produced to Mr. Venning.  (*Id.* at 4 n.3.)

3–5.) Mr. Venning argues such evidence is either irrelevant or otherwise excludable under Rule 403. (*Id.*) The United States contends the challenged evidence should be admitted. (Doc. 104.)

## ANALYSIS

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). "Such motions do not resolve factual disputes or weigh evidence but rather focus on whether the evidence at issue is inadmissible on all potential grounds." *United States v. Burke*, 2020 WL 6081348, * 2 (D. Mont. Oct. 15, 2020) (CR 19–14–M–DLC). Although this Court enjoys broad discretion in resolving motions in limine, such "rulings are not binding and this Court may always change [its] mind during the course of a trial." *Id.* (citing *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000)). "Indeed, specific evidentiary rulings are often best made in the context of a trial." *Id.*

Although attacking evidence contained within the United States' 404(b) notice, Mr. Venning does not argue that such evidence is improperly admitted under Rule 404(b). Instead, Mr. Venning either argues that the evidence is irrelevant (Rules 401 and 402) or that the danger of unfair prejudice substantially outweighs its probative value (Rule 403). As such, the Court will focus its attention largely on those provisions.

The proper starting point for any admissibility question is with Rules 401 and 402. Under these rules, "[o]nly relevant evidence, defined as 'evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence,' is admissible in federal court." *Boyd v. City and Cty. of S.F.*, 576 F.3d 938, 943 (9th Cir. 2009). This is not a particularly difficult standard to meet and remains separate from any inquiry into the evidence's redundancy, or the undisputed nature of the fact it aims to prove. *See Old Chief v. United States*, 519 U.S. 172, 178–79 (1997). Although relevant, evidence may nonetheless be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. This Court's discretion to exclude evidence under Rule 403 is broad. *United States v. Rizk*, 660 F.3d 1125, 1132 (9th Cir. 2011).

"The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief*, 519 U.S. at 180. It is not uncommon for evidence to carry some prejudicial effect, but its risk of unfairly swaying the jury's verdict is substantial "whenever the official record offered by the Government would be arresting enough to lure a juror into a sequence of bad character reasoning." *Id*. at 185. With these principles in mind, the Court will address each category of challenged evidence in turn.

5

## I.   Prior Promoting Prostitution Convictions.

In its notice, the United States expresses its intent to introduce evidence regarding Mr. Venning's prior convictions for promoting prostitution in Missouri and Tennessee, in 2013 and 2019 respectively. (Doc. 96 at 3, 8–9.) The United States intends to call Jane Does 5, 9, 15, and 187[2] to testify about Mr. Venning's conduct as to these charges. (*Id.*) The United States argues such evidence is "directly at issue" because both of these state convictions also form the basis of Counts V, VII and VIII of the current indictment. (*Id.* at 9–10; Doc. 104 at 5.) To the extent it does not directly relate to the instant charges, the United States' argues it is "probative of Venning's intent, motive, plan, knowledge, lack of mistake or accident, identity, and *modus operandi*." (Doc. 96 at 10–11.)

In his brief, Mr. Venning argues such evidence should be excluded under Rule 403 because its probative value is substantially outweighed by the danger of unfair prejudice. (Doc. 101 at 3.) He describes its admission as "parading a large number of females who claim to have been trafficked by" Mr. Venning in a manner that "sway[s] the Rule 403 balance towards 'unfair prejudice.'" (*Id.*) If

---

[2] The United States describes Jane Doe 187's testimony as describing "her interactions with Venning, including him referring to her as 'sexy' in a text message." (Doc. 96 at 10.) Jane Doe 187 is not mentioned again, but it is presumed the United States is actually referencing Jane Doe 17, whose expected testimony is nearly identical and the third target in Mr. Venning's motion. Operating from this understanding, the Court resolves the admissibility of this testimony separately below.

admitted, Mr. Venning contends the United States should be forbidden from inquiring into the specifics of the offense. (*Id.*)  The United States' brief reiterates the position that such evidence is directly related to the charges at hand and to the extent it contains other acts a limiting instruction can alleviate any prejudice. (Doc. 104 at 4–6.)  The Court agrees.

As a starting point, it seems clear that at least *some* of the evidence relating to the Tennessee state court conviction would inform the jury of precisely the same evidence necessary for the United States to prove Counts V and VIII of the indictment at trial.  Such evidence is not 404(b) evidence—it is evidence that directly proves aspects of the United States' case.  In other words, Rule 404(b) is inapplicable.  Fed. R. Evid. 404(b)(1) (covering evidence "of any *other* crime, wrong, or act"); *see also United States v. Lague*, 971 F.3d 1032, 1038 (9th Cir. 2020) (Rule 404(b), by its very text, covers "other acts evidence").  Setting Rule 404(b) aside, the Court need only address Mr. Venning's contention that such evidence should be excluded under Rule 403.

As noted above, the inquiry is "whether the probative value is substantially outweighed by the prejudicial impact under Rule 403." *Bailey*, 696 F.3d at 799.  The United States' notice establishes that Jane Does 9 will provide direct testimony describing her observations of Mr. Venning's conduct, which forms the basis of both Counts V and VIII and the underlying Tennessee conviction.  This

renders the evidence as probative as it can get, establishing conduct that is directly at issue in this case. Any prejudice occasioned by its introduction cannot substantially outweigh its probative value. As such, to the extent Mr. Venning challenges the admission of evidence relating both to the prior Tennessee conviction *and* directly to Counts V and VIII of the indictment, the motion will be denied.

On the other hand, it appears that some of the evidence the United States seeks to admit in relation to the prior Missouri conviction lacks a total overlap with a charge brought in this case. This includes testimony from Jane Doe 15 regarding working for Mr. Venning "in commercial sex and her interactions with him" during the period surrounding the 2013 Missouri state court conviction (Doc. 96 at 10) and any supplementary testimony from Jane Doe 5 regarding Mr. Venning's relationship with Jane Doe 15 and the resulting Missouri conviction (Doc. 104 at 4). The Court will admit this evidence.

As noted above, Mr. Venning seems to concede this evidence is admissible under Rule 404(b), arguing exclusively it should be excluded under Rule 403 on the grounds of unfair prejudice. The Court disagrees. Evidence regarding the Missouri conviction appears to relate directly to the conduct forming the basis of Count VII. That is, the United States intends to prove Count VII at trial by having Jane Doe 5 testify that Mr. Venning transported her from Montana to Georgia and

Missouri to engage in commercial sex.  (Doc. 104 at 4.)  The United States intends to establish that it was during this trip with Jane Doe 5 that Mr. Venning met Jane 15 in Missouri which "ultimately led law enforcement to him and his eventual Missouri" state conviction.  (*Id.*)  The Court agrees this evidence is highly probative and is not substantially outweighed by the danger of unfair prejudice.

The challenged evidence as it relates to the Missouri conviction paints a complete picture of the United States' case.  The Missouri conviction occurred at the same time and in the same place as some of the events giving rise to Count VII of the indictment.  In a way, it appears these events were a part of a common scheme and illustrates the manner in which Mr. Venning structured his ostensible commercial sex operation.  The Court agrees with the United States such evidence relates to issues regarding intent, motive, plan, knowledge, lack of mistake or accident, identity, and *modus operandi*.  Undoubtedly evidence regarding Mr. Venning's interactions with Jane Doe 15 and the ensuing Missouri conviction is prejudicial, but any prejudice pales in comparison to the evidence's probative value.  The Court is inclined to admit the evidence.

As a final matter, Mr. Venning argues that if this evidence is admitted, the government should be forbidden from testifying as to the specifics of the offense.  (Doc. 101 at 3.)  Mr. Venning cites to *United States v. Robinson*, 8 F.3d 398 (7th Cir. 1993).  *Robinson*, an out-of-circuit case, is inapplicable.  *Robinson* addressed

whether the government may get into "the details of" a prior conviction when impeaching a witness on the basis of a prior conviction under Rule 609. *Id.* at 409. This is a standard principle for Rule 609 evidence, *United States v. Osazuwa*, 564 F.3d 1169, 1175 (9th Cir. 2009), and it has no implication on introducing the details of a prior conviction under Rule 404(b). The details of the prior convictions are what makes the evidence relevant in this case, as it either directly proves a count of the indictment or will otherwise be introduced for a permissible purpose under Rule 404(b). Mr. Venning's motion seeking the exclusion of evidence regarding the prior Missouri and Tennessee state court convictions will be overruled.

## II.     Jane Doe 6's Testimony.

The United States' notice anticipates evidence from Jane Doe 6 surrounding her involvement with Mr. Venning's alleged commercial sex operation. (Doc. 96 at 5.) This includes meeting him in the winter of 2017 "agreeing to work in commercial sex for him" after which he was "verbally abusive" and "supplied her with methamphetamine." (*Id.*) Importantly, it is expected that Jane Doe 6 will testify that Mr. Venning brandished a firearm after "he believed someone 'shorted' him in connection with a drug transaction." (*Id.*) Following these events, Jane Doe 6 lost contact with Mr. Venning before working with him again during the events giving rise to Count IX of the indictment. (*Id.*)

Mr. Venning's motion objects to any testimony regarding the brandishing of the firearm, arguing such evidence is irrelevant and unfairly prejudicial. (Doc. 101 at 4.) The United States responds that the evidence is inextricably intertwined with the conduct alleged in the indictment and otherwise establishes Mr. Venning's intent to use force and threats to control his victims. (Doc. 104 at 7–8.) The Court finds this issue presents a close call. On the one hand, the United States permissibly seeks to introduce evidence illustrating Mr. Venning's pattern of using force and threats to intimidate his victims and that he was involved in drug trafficking. On the other hand, this singular event is particularly prejudicial and does not necessarily establish Mr. Venning's intent to use force or threats to force a victim into commercial sex but is instead related to an apparently uncharged drug transaction. Furthermore, if brandishing a firearm on this occasion was an isolated incident, with no admissible evidence of brandishing firearms on other occasions, then this evidence may be unduly prejudicial.[3] The Court will reserve ruling on this issue until the evidence is actually offered at trial.

### III. Jane Doe 17's and Her Mother's Testimony.

The final category of challenged evidence relates to the United States' intent to offer evidence from Jane Doe 17 and her mother regarding their interaction with

---

[3] The Court notes that the United States references other instances of Mr. Venning brandishing a firearm (Doc. 104 at 9) (alluding to Mr. Venning "pull[ing] a firearm in other contexts), but the Court is currently unaware of the substance of such evidence.

Mr. Venning in April 2020. (Doc. 96 at 7–8.) The testimony will apparently establish that Mr. Venning was cohabitating with Jane Doe 17's mother before being forced to leave. (*Id.*) Of note here, "[a]fter leaving, Venning texted the 14-year-old Doe 17 and said 'Love you sexy..ur mom wanted me to leave so I left .. I'll call you later.'" (*Id.* at 8.) Jane Doe 17 asked "why did you call me that" and Mr. Venning responded that it was an "accident." (*Id.*)

Mr. Venning asks this Court to exclude this evidence arguing it is irrelevant and unfairly prejudicial. (Doc. 101 at 4–5.) Mr. Venning argues the age of Jane Doe 17 introduces an unacceptable level of prejudice and is a veiled attempt to make him appear "in the most negative light." (*Id.* at 5.) The United States argues the evidence is inextricably intertwined with the instant charges and otherwise establishes his intent and modus operandi as it relates to minor-aged victims. (Doc. 104 at 9–11.) Ultimately, the Court will exclude the evidence pursuant to Rule 403.

The Court does not find that the evidence is inextricably intertwined with the charged offenses. The contested evidence does not relate to Mr. Venning's attempts to force a minor aged victim into commercial sex but instead represents an inappropriate communication between Mr. Venning and his ex-girlfriend's daughter. The connection between this incident and the charged conduct is too attenuated to justify treating them as one and the same. Most importantly,

however, the presence of a 14-year-old, in combination with the tenuous and attenuated connection to the charged conduct raises the level of prejudice beyond that tolerated by Rule 403. Such evidence is particularly prejudicial in light of the significant amount of other acts evidence that the United States intends to offer at trial. The Court will grant Mr. Venning's motion as to this issue.

As a final matter, the Court intends to instruct the jury on the permissible purposes of 404(b) evidence both at the time such evidence is offered at trial and in its final charge to the jury. The language of these trial and final instructions will likely track the language of the Ninth Circuit's Model Criminal Jury Instruction § 2.10. The parties should submit proposed copies of these instructions either jointly or separately, as directed in the Court's scheduling order.

Accordingly, IT IS ORDERED that ruling on the motion (Doc. 100) is RESERVED in part, GRANTED in part, and DENIED in part, as set forth in this Order, subject to renewal at trial if such evidence is actually offered.

IT IS FURTHER ORDERED that the United States shall promptly submit under seal a list of all Jane Does who will testify at trial along with their corresponding names, as noted in its Amended Rule 404(b) notice (Doc. 96 at 4 n.2).

DATED this 13th day of October, 2021.

13

Dana L. Christensen, District Judge
United States District Court