IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 19–152–BLG–DLC |
| Plaintiff, | |
| vs. | ORDER |
| LOUIS GREGORY VENNING, | |
| Defendant. | |

Before the Court is Defendant Louis Gregory Venning's Unopposed Motion to Appear at Pretrial Conference Through Video Means, or Alternatively, to Reset Pretrial Conference (Doc. 123) and the United States' Unopposed Motion to Dismiss Count X Without Prejudice (Doc. 124.)  The Court will deny the first motion and grant the second motion.

As to the first motion, this Court previously ordered counsel for Mr. Venning to appear personally at the James F. Battin Courthouse in Billings, Montana for the final pretrial conference scheduled for November 12, 2021.  (Doc. 122 at 1.)  Counsel for Mr. Venning now seeks leave to appear remotely or for this Court to move the final pretrial conference to the morning of trial (November 15, 2021.)  (Doc. 123 at 1–2.)  Counsel for Mr. Venning relies on logistical travel difficulties and his desire to spend that day preparing for trial.  (*Id.*)  The Court is

1

unpersuaded.

As an initial matter, the Court points out that the parties were previously prepared to be in Billings, Montana on the date of the final pretrial conference to accomplish the prospective juror examination. The Court ultimately denied this request, but it illustrates that counsel for Mr. Venning was apparently previously prepared to be in Billings on the date of the final pretrial conference. Even setting this point aside, the Court wants counsel to be with Mr. Venning personally for the final pretrial conference so that they may confer face-to-face and otherwise discuss the issues presented during the conference. Consequently, the Court will deny the motion.

As to the second motion, the United States seeks an order dismissing Count X of the Second Superseding Indictment (Doc. 10 at 8) without prejudice. (Doc. 124.) This count charges Mr. Venning with the distribution of ecstasy, in violation of 21 U.S.C. § 841(a)(1). (Doc. 10 at 8.) The Federal Rules of Criminal Procedure provide that the United States may only dismiss a portion of "an indictment, information, or complaint" with leave of court. Fed. R. Crim. P. 48(a). This limitation on prosecutorial discretion exists to prevent "prosecutorial harassment" through "charging, dismissing, and recharging." *United States v. Weber*, 721 F.2d 266, 268 (9th Cir. 1983) (per curiam). While the precise extent to which a Court may "deny a Government dismissal motion to which the defendant has consented"

is unclear, there is authority for the proposition that denial is warranted "if the motion is prompted by considerations clearly contrary to the public interest." *Id.* Such considerations include, for example, "the acceptance of a bribe by the prosecutor or the desire to attend a social event instead of appearing in court." *Id.*

Additionally, "[d]ismissals by the government are generally presumed to be without prejudice . . . unless a contrary intent is clearly expressed." *United States v. Brown*, 425 F.3d 681, 682 (9th Cir. 2005) (per curiam). Dismissal can also be with prejudice if this Court finds it is sought for an improper purpose. *United States v. W.R. Grace*, 429 F. Supp. 2d. 1207, 1246–47 (D. Mont. 2006). With these principles in mind, the Court finds no reason to deny the United States' motion in this case. (Doc. 17.) Here, the United States represents the dismissal of Count X is sought "in the interest of justice." (Doc. 124 at 2.) The Court finds nothing in the record indicating such dismissal is sought for an improper purpose or that it would be clearly contrary to the public interest. This conclusion is fortified by the fact that Mr. Venning does not object. (*Id.* at 2.) In short, the Court finds no reason to deny the motion or to dismiss the charges with prejudice instead of without prejudice.

Accordingly, IT IS ORDERED that Mr. Venning's motion (Doc. 123) is DENIED.

IT IS FURTHER ORDERED that the United States' motion (Doc. 124) is

GRANTED.  Count X of the Second Superseding Indictment (Doc. 10 at 8) is DISMISSED without prejudice.

DATED this 3rd day of November, 2021.

_____
Dana L. Christensen, District Judge
United States District Court