IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LOUIS GREGORY VENNING,<br><br>Defendant. | CR 19–152–BLG–DLC<br><br><br><br>ORDER |

Before the Court is Defendant Louis Gregory Venning's Motion to Issue Unconscious Bias Instruction (Doc. 114) and the United States' Unopposed Motion to Permit Electronics Inside the Courtroom During Trial (Doc. 133.) The Court will deny the first motion (Doc. 114) and grant the second motion (Doc. 133).

As to the first motion, Mr. Venning requests that this Court play for prospective jurors, the "Unconscious Bias Juror Video" created by the United States District Court for the Western District of Washington. (Doc. 115 at 1.) Mr. Venning argues playing this video is warranted because: (1) he is a black man; and (2) the prospective juror pool will likely be largely composed of white individuals from rural eastern Montana. (*Id.* at 2–3.) The United States responds that the Ninth Circuit's current model jury instructions, specifically instructions 1.1 and

1

3.1, are sufficient to address the issues of implicit bias.  (Doc. 118.)  The Court tends to agree.

To be sure, the Western District of Washington "has been at the vanguard of attempting to reduce the adverse effects of unconscious bias in federal court proceedings," including production of the video which is the subject of the motion.  *See* Comment to 9th Cir. Pattern Jury Instr. § 1.1 (2010 ed.)  But the Court is concerned that "[w]hile there is undoubtedly value in making jurors aware of unconscious bias, to do so through the proposed video seems more likely to cause jurors to focus heavily on a single aspect of their duty as jurors at the expense of others that are equally as important."  *United States v. Jessamy*, 464 F. Supp. 3d 671, 678 (M.D. Pa. 2020).  Moreover, the Court is confident that the "Ninth Circuit model criminal jury instructions" stipulated to by the parties, particularly model instructions 1.1 and 3.1 (Doc. 136 at 3–4, 24), "are more than sufficient to prevent jurors from deciding [Venning's] guilt or innocence based in any part on his race or national origin."  *United States v. Covarrubias*, 2020 WL 1170216, * 1 (D. Nev. 2020).  As ordered below, the Court will permit each party to engage in 30 minutes of voir dire.  Mr. Venning may, of course, elect "to focus some of those questions on unconscious bias."  *Jessamy*, 464 F. Supp. 3d at 678.

As to the second motion, the Court has no problem with employees of the FBI having their electronic devices inside the courtroom during trial, for the

purposes of "coordinating witness management." (Doc. 133 at 2.) Those in authorized possession of cellular devices, however, shall ensure they are silenced or not otherwise capable of disturbing courtroom proceedings. Such FBI personnel includes, but is not limited to, Brandon Walter, Michele Stewart, Elia Guzman, and Vanessa Holguin.

Accordingly, IT IS ORDERED Mr. Venning's motion (Doc. 114) is DENIED and the United States' motion (Doc. 133) is GRANTED. FBI personnel Brandon Walter, Michele Stewart, Elia Guzman, and Vanessa Holguin shall be permitted to possess electronic devices inside the courtroom for the purposes of coordinating witness management, provided they are silenced or otherwise not utilized in a manner that disturbs courtroom proceedings.

IT IS FURTHER ORDERED that each party shall be permitted to conduct 30 minutes of voir dire, following the Court's voir dire of potential jurors.

DATED this 8th day of November, 2021.

_____
Dana L. Christensen, District Judge
United States District Court