IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LOUIS GREGORY VENNING,<br><br>Defendant. | CR 19–152–BLG–DLC<br><br><br><br>ORDER |

Before the Court is Defendant Louis Gregory Venning's Motion to Withdraw Plea. (Doc. 178.) On November 12, 2021, Mr. Venning pled guilty to Counts V, VI, VII, and XIII of the Second Superseding Indictment, pursuant to a plea deal reached between himself and the United States. (Docs. 155; 162.) Now Mr. Venning has moved to withdraw his guilty pleas. (Doc. 178.) The United States objects. (Doc. 182.) For the reasons stated herein, the Court will deny the motion.

## BACKGROUND

This case suffers from a tortured procedural history. The United States indicted Mr. Venning on December 4, 2019. (Doc. 1.) Before Mr. Venning could be arrested or have his initial appearance, the United States issued a superseding indictment (Doc. 5) and then a second superseding indictment (Doc. 9) on

1

February 6, 2020 and March 5, 2020, respectively.

The second superseding indictment, which is the operative indictment in this case, levels significant charges against Mr. Venning, including:

(1) five counts of sex trafficking by force, fraud, and coercion in violation of 18 U.S. § 1591(a) and (b) (Counts I–V);

(2) one count of sex trafficking of a minor and by force fraud and coercion, in violation of 18 U.S.C. § 1591(a)–(c) (Count VI);

(3) two counts of transportation of a person with intent to engage in prostitution, in violation of 18 U.S.C. § 2421 (Counts VII–VIII);

(4) one count of transportation of a person with intent to engage in prostitution, in violation of 18 U.S.C. § 2421, 2 (Count IX);

(5) one count of distribution of ecstasy, in violation of 21 U.S.C. § 841(a)(1) (Count X);

(6) one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count XI);

(7) one count of possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) (Count XII);

(8) one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count XIII); and

(9) one count of distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count XIV).

(Doc. 10.)  Counts V carries a 15-year mandatory minimum and Count VI carries a 10-year mandatory minimum.  (*Id.*)

Mr. Venning finally had his initial appearance on July 7, 2020.  (Doc. 49.) A scheduling order was subsequently issued and trial was set for August 31, 2020.

2

(Doc. 56.)  The Court then gave Mr. Venning three Speedy Trial Act continuances between August of 2020 and January of 2021.  (Docs. 58; 60; 67.)[1]  These first two continuances were based on the voluminous discovery and the significant nature of the indictment's charges.  (Docs. 58; 60.)  The third continuance was based on counsel for Mr. Venning's hospitalization with COVID-19.  (Doc. 67.)  These three continuances moved Mr. Venning's original August 31, 2020 trial date to December 7, 2020, February 8, 2021, and April 19, 2021, respectively.  (Docs. 58; 60; 67.)

Then, on March 16, 2021, the Court received a letter from Mr. Venning expressing dissatisfaction with his then-attorney and requesting new counsel. (Doc. 74.)  The Court held a hearing and subsequently provided Mr. Venning with a substitution of counsel.  (Docs. 79–80.)  New counsel was formally appointed on March 31, 2021.  (Doc. 81.)  To permit new counsel to effectively prepare for trial, the Court granted two more continuances, moving the trial setting to June 18, 2021, and then August 9, 2021.  (Docs. 83; 87.)  Finally, on July 12, 2021, the Court, over the United States' objection, afforded Mr. Venning one more continuance, moving trial to November 15, 2021.  (Doc. 97.)

As this date approached, it seemed that, by all accounts, the case would

---

[1] Notably, one of these continuances was sought jointly by both the United States and Mr. Venning.  (Doc. 59.)

proceed to trial. The parties submitted proposed voir dire (Docs. 134–35), proposed jury instructions (Docs. 136–37), and trial briefs (Docs. 140–41). On the morning of November 12, 2021, just days before trial, the Court held a final pretrial conference. (Doc. 154.) During this conference, the parties notified the Court they had tentatively reached a plea agreement. (*Id.*) Apparently, Mr. Venning had reached out to the United States earlier that morning expressing "interest in accepting a plea agreement." (Doc. 179 at 2.)

  Faithful to the requirements of Rule 11(c)(1), the Court did not involve itself in the parties' plea negotiations and moved forward with the final pretrial conference in the event an agreement was not ultimately reached. Later that day, the parties' filed an executed plea agreement under which Mr. Venning agreed, among other things, to plead guilty to Counts V, VI, VII, and XIII of the Second Superseding Indictment. (Doc. 155.) Consequently, the Court referred change of plea proceedings to United States Magistrate Judge Kathleen L. DeSoto who held a change of plea hearing that afternoon. (Docs. 157; 162.)

  Judge DeSoto's change of plea hearing was thorough, and, as Mr. Venning concedes, he "ultimately said the words necessary for the Court to accept his guilty pleas" to Counts V, VI, VII, and XIII of the Second Superseding Indictment. (Doc. 179 at 4.) This Court subsequently accepted Mr. Venning's guilty pleas and set sentencing for March 15, 2022. (Docs. 161; 170.) Mr. Venning now seeks to

have these guilty pleas withdrawn.

## ANALYSIS

Just as the Federal Rules of Criminal Procedure authorize the entry of a guilty plea, they authorize its withdrawal. *See generally* Fed. R. Crim. P. 11. When, as here, a defendant seeks to withdraw their guilty plea after the Court has accepted it, the defendant must "show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B); *United States v. Ensminger*, 567 F.3d 587, 590 (9th Cir. 2009) ("The burden of establishing that withdrawal is warranted rests on the defendant"). This standard "must be applied liberally," but a defendant cannot withdraw their guilty plea "simply on a lark." *United States v. McTiernan*, 546 F.3d 1160, 1167 (9th Cir. 2008).

There is no select set of circumstances that will justify withdrawal and "each case must be reviewed in the context in which the motion arose to determine whether, ultimately, a 'fair and just' reason exists." *Id.* But the Ninth Circuit has "often repeated that fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." *Ensminger*, 567 F.3d at 590–91 (internal alterations and quotation marks omitted). Mr. Venning has not met his burden in this case.

Mr. Venning's only argument in favor of withdrawing his guilty pleas is

that, given the rapidly approaching trial, he was "placed in a time-sensitive dilemma" and "take-it-or-leave it position and felt compelled to accept whatever plea offer was given." (Doc. 179 at 4.) But the record establishes that on the morning of the final pretrial conference, Mr. Venning approached the government about striking a deal, not the other way around. (Docs. 179 at 2; 182 at 12.) Moreover, the mere operation of the criminal justice system cannot, without more, establish a fair and just reason for withdrawing a plea.

Indeed, if it were, its unclear how a district court could ever deny a Rule 11(d)(2)(B) motion. The pressures attendant to standing trial are an inherent aspect of our criminal justice system. U.S. Const. amend VI; Fed. R. Crim. P. 23. And if the fact that a defendant pled guilty pursuant to a plea agreement based on the risks of standing trial were a fair and just reason to withdraw a plea, the standard imposed by Rule 11(d)(2)(B) would be meaningless and apply to the vast majority of federal criminal cases resolved through the plea bargain process. Although Rule 11(d)(2)(B) must be liberally construed, *McTiernan*, 546 F.3d at 1167, the Court concludes the "fair and just" standard requires more than that the guilty plea was entered to avoid the risks associated with proceeding to trial.

Accordingly, IT IS ORDERED that the motion (Doc. 178) is DENIED. Sentencing shall proceed as scheduled. (Doc. 161.)

DATED this 3rd day of February, 2022.

Dana L. Christensen, District Judge
United States District Court

6